IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ERIC LEE PROSHA,**

    Plaintiff,

v.                                                                          Civil Action No. **3:21CV802**

**MENTAL HEALTH DEPARTMENT,**

    Defendant.

## MEMORANDUM OPINION

Eric Lee Prosha, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983.[1] The action proceeds on the Second Particularized Complaint. (ECF No. 19.) For the reasons that follow, the Court will dismiss the action for failure to state a claim and as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads

2

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Procedural History

After a review of Prosha's initial Complaint, by Memorandum Order entered on April 22, 2022, the Court directed Prosha to file a particularized complaint. (ECF No. 15.) The Court explained as follows:

> In order to state a viable claim under 42 U.S.C. § 1983,[] a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency" are persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13–8–CMC–BHH, 2013 WL 526887, at *2–3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *see Preval v. Reno*, No. 99–6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983). Plaintiff's current allegations fail to provide each defendant with fair notice of the facts and legal basis upon which his or her

3

liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court also notes that since Plaintiff filed his Complaint, he also filed an Affidavit and it is unclear whether he is attempting to expand his claim or add new claims.

(ECF No. 15, at 1–2.) The Court then provided Prosha with specific instructions for filing a particularized complaint. (*Id.* at 2–3).

On May 6, 2022, the Court received Prosha's Particularized Complaint. (ECF No. 16.) However, Prosha's short, four-page Particularized Complaint contained less factual detail than the original complaint and failed to address all of the deficiencies identified in the April 22, 2022 Memorandum Order. Nevertheless, the Court provided Prosha with a second opportunity to file a particularized complaint to correct those deficiencies. The Court directed Prosha to particularize his Complaint in conformance with the following directions and in the order set forth below:

> a. At the very top of the particularized pleading, Plaintiff is directed to place the following caption in all capital letters "SECOND PARTICULARIZED COMPLAINT FOR CIVIL ACTION NUMBER 3:21CV802."
>
> b. The first paragraph of the particularized pleading must contain a list of defendants. Thereafter, in the body of the particularized complaint, Plaintiff must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to his claims for relief. Plaintiff must provide enough factual detail about what happened for the court to understand why he is bringing a claim for relief. Thereafter, in separately captioned sections, Plaintiff must clearly identify each civil right violated. Under each section, the Plaintiff must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized complaint that support that assertion. Plaintiff must include all claims against all defendants in his particularized complaint. Plaintiff shall also include a prayer for relief.
>
> c. The particularized pleading will supplant the prior complaints. That means the Court will not consider any document

> that Plaintiff filed previously including any other version of the complaint or any supplements. The particularized pleading must stand or fall of its own accord. Plaintiff may not reference statements in the prior complaints.
>
> **FAILURE TO COMPLY WITH THE FOREGOING DIRECTIONS WILL RESULT IN DISMISSAL OF THE ACTION.** *See* Fed. R. Civ. P. 41(b).

(ECF No. 17, at 2–3.) On June 13, 2022, the Court received Prosha's Second Particularized Complaint. (ECF No. 19.) However, as discussed below, Prosha once again failed to follow the Court's detailed instructions and his Particularized Complaint must be dismissed for failure to state a claim upon which relief may be granted and as legally frivolous.

### III. Allegations

Prosha identifies the Mental Health Department as his sole Defendant in the caption of his Second Particularized Complaint. (ECF No. 19, at 1.) However, in the first paragraph of his Second Particularized Complaint, Prosha also lists "Brickel, Moore, and other Mental Health colleagues" as "responsible for my lack of treatment in the psychiatric department." (*Id.*)[2] Instead of true constitutional legal claims that could be pursued in this Court, Prosha's allegations constitute general sentiments about his life and incarceration. Prosha alleges as follows:

> 1.) Of course, Plaintiff is aware of things in his life, but the lack of help makes him work harder when he needs not too. Series of complaints went out on Plaintiff's behalf to conjure up some help from Defendants.
> 2.) Amendment IV[3] works in Plaintiff's defense for the rise of bad cell partners that Plaintiff has endured. On several occasions, Plaintiff was moved in

---

[2] The Court employs the pagination assigned to the Second Particularized Complaint by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spacing in the Second Particularized Complaint.

[3] The Fourth Amendment to the United States Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

5

the SAM's pod around (in search of a compatible cell mate) until he was finally kick[ed] out of the program.

3.) This situation puts a strain on Plaintiff's mental health capacity (depression) making him feel like no one likes him. Feeling like the whole world is against you is a very bad dilemma, especially for Plaintiff.

4.) Plaintiff's television was taken from him and it was his only means of rehabilitation, seeing how no one had time for him. Just because his TV was stolen and previous years, when Plaintiff took the liberty to buy a used TV, it was confiscated. Plaintiff's financial state isn't the best for reordering a $217 TV that doesn't include extra necessities to watch it like cable cords and headphones.

5.) Amendment VIII[4] reaches a height of self-deployment against the Mental Health Department on reasons that Plaintiff's bipolar and schizophrenia puts him in a state of shock. Plaintiff stutters at times when speaking. Plaintiff is not understood and is deemed reliable for his actions; but Plaintiff needs help and seeks help but doesn't receive it.

6.) Plaintiff has older parents that he worries over. His father died back in 2011 and his mother is all alone and elderly. Plaintiff's defense stands at a standstill, but its shouldn't. Plaintiff has a hard time dealing with his loss and the fact that he has 20 years to do. His mother might not be alive when he gets out. Do you think the Mental Health Department knows of this; no, they don't. They don't take the time to try to understand where Plaintiff is coming from, nor what he deals with.

7.) Amendment XIV[5] relies on stability of court. Plaintiff struggles every day with medication that he gets that could be hurting him in the long run. Every medication has side effects to them.

8.) Plaintiff relies on self-determination to help him pull through when no one is around. Plaintiff's self-will is strong, but what happens when it fails, and all is lost. That's why Plaintiff seeks help while incarcerated.

(*Id.* at 1–3.) Prosha seeks a declaration that "the acts and omissions described herein violated Plaintiff's rights under the Constitution," "a preliminary and permanent injunction" and monetary damages. (*Id.* at 3–4.)

---

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

[5] "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

## IV. Analysis

### A. Mental Health Department Is Not a Person

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). As explained in the two Memorandum Orders directing Prosha to file a particularized complaint, Mental Health Department is not a person who Prosha may sue under § 1983. Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency," are persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13-8-CMC-BHH, 2013 WL 526887, at *2 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *Preval v. Reno*, No. 99–6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983). Accordingly, Prosha's claims against Mental Health Department are DISMISSED WITH PREJUDICE for failure to state a claim and as legally frivolous.

### B. No Personal Involvement

To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged acted personally in the deprivation of the plaintiff['s] rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks omitted). "Where a complaint alleges no specific act or conduct on the part of the

7

defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). In the first paragraph of his Second Particularized Complaint, Prosha lists "Brickel, Moore, and other Mental Health colleagues" as "responsible for my lack of treatment in the psychiatric department." (ECF No. 19, at 1.) However, Prosha never mentions any of these Defendants in the body of his Second Particularized Complaint and certainly fails to allege facts indicating that they were personally involved in the deprivation of his constitutional rights. Because Prosha fails to allege sufficient facts to show that they were liable to him, any claims against Defendants "Brickel, Moore, or other Mental Health colleagues" will be DISMISSED WITHOUT PREJUDICE.

## IV. Conclusion

Prosha's claims against Mental Health Department will be DISMISSED WITH PREJUDICE as legally frivolous and for failure to state a claim. Prosha's claims against Brickel, Moore and other Mental Health colleagues will be DISMISSED WITHOUT PREJUDICE for failure to state a claim. The action will be DISMISSED as frivolous and for failure to state a claim. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: 8-15-2022
Richmond, Virginia